**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Mar 1, 2019

OFFICE OF THE CLERK

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

TRUDY VALENTINE,                              )
        **Plaintiff**                               )
                                                 )
                                                 )    CASE NO._____2:19cv2035_____
v                                             )
                                                 )
                                                 )
STATE OF ARKANSAS DEPARTMENT                  )
OF PARKS AND TOURISM,                         )
        **Defendant**                              )
                                                 )

## COMPLAINT

Comes now the Plaintiff, Trudy Valentine, by and through her attorney, Alex A Gustafson, and for her Complaint against the above-named Defendant, states and alleges as follows:

### I.    NATURE OF THE ACTION

1.    This is an action for relief from employment discrimination in violation of the Age Discrimination Employment Act of 1967, the Arkansas Public Employer Age Discrimination Act and the Americans with Disabilities Act of 1990.

2.    Plaintiff alleges that Defendant unlawfully discriminated against her on the basis of her age and disability.

3.    Plaintiff seeks all compensatory damages, and reasonable attorneys' fees and costs as remedies for Defendant's violations of her rights.

### II.    THE PARTIES

4.    Plaintiff, Trudy Valentine, a white female who is at least 40-years old, is a citizen of

the United States and resides in Paris, Logan County, Arkansas. At all times relevant to this suit, until his termination on August 21, 2018 she was employed as lodge cook with Mount Magazine State Park.

5.      The State of Arkansas Department of Parks and Tourism (herein "the Department") is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1); 28 C.F.R. § 35.104, and is therefore subject to title II of the ADA and its implementing regulations. The Department is in charge of the state parks including Mount Magazine State Park.  At all times relevant herein, Defendant had at least fifteen employees and was therefore an "employer" within the meaning of 43 U.S.C. §12131(5). Defendant is liable for the acts of their agents and employees as set forth below.

### III.    JURISDICTION AND VENUE

6.      This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

7.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

8.      Venue is proper herein, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintains facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or about December 3, 2018, the EEOC issued Plaintiff Notice of Right to Sue.

10.     Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

## V.     STATEMENT OF FACTS

11.     Plaintiff is a 56-year-old female and has been an employee at Mount Magazine State Park since March 20, 2006. Plaintiff began her employment as a dishwasher and her most recent position was as a lodge cook.

12.     Throughout her employment Plaintiff consistently received "above average" grades on her performance evaluations.

13.     Several years ago, Plaintiff was diagnosed with fibromyalgia, which substantially limits major life activities in her life. However, Plaintiff was still able perform her essential job duties.

14.     Due to this diagnosis, Plaintiff has had to take extended time off with Family Medical Leave at various times throughout the years.

15.     Defendant never communicated with Plaintiff concerning her disability and any accommodation they could provide her to sufficiently perform her job duties.

16.     On or about April 14, 2017, Plaintiff suffered a knee injury that led to her taking extended Family Medical Leave until May 1, 2017. Upon the Lodge Manager's insistence, Plaintiff ultimately had knee replacement surgery early in 2018 and returned to work in April 2018.

17.     On or about July 19, 2018 Plaintiff fell and fractured her toe. She went to the emergency room and was ordered not to work until July 22, 2018.

18.     Plaintiff returned to work on July 22, 2018 and worked for 3.5 hours with a boot on her foot. The pain was excruciating, and Plaintiff could not finish her shift.

19.     Plaintiff saw her family doctor on July 23, 2018 who referred her to an orthopedic doctor on July 25, 2018.

20.     Plaintiff provided her employer with a Certification of Health Care Provider for Employee's Serious Health Condition from her doctor, Dr. James Schmitz.

21.     This Certification plainly stated that Plaintiff would be incapacitated from July 19, 2018 until August 30, 2018.

22.     Plaintiff had previous Family Medical Leave within the 12-month period, and her quota was set to expire on August 6, 2018. Defendant never relayed this to Plaintiff.

23.     Plaintiff had accumulated enough time off to put towards the rest of her leave, and Defendant utilized this time off until they terminated her on August 21, 2018, which was before her time off was exhausted.  Defendant did not relay that they were using her accumulated time off.

24.     During Plaintiff's leave, Defendant did not discuss or propose any potential reasonable accommodations to allow her to return to work.

25.     Defendant also failed to engage in the interactive process to determine whether her condition could be reasonably accommodated.

26.     Plaintiff's immediate supervisor, Coeta Dooly, noted on the Department's Employee Termination Notification that she was not recommend Plaintiff for hire because she is "not able to do the work."

27.     Defendant replaced Plaintiff with men who were younger than 40 years old.

28.      The reason for the Plaintiff's termination was pretextual, and no good cause existed to terminate the Plaintiff.

29.      The Defendant terminated the Plaintiff due to her age and disability.

30.     The Defendant was looking for a way to terminate the Plaintiff and used the situation to rid itself of an older, disabled employee.

## COUNT ONE
### (Discrimination Based on Disability in violation of
### 42 U.S.C. § 12101 Et. Seq.)

31.     The foregoing paragraphs are realleged and incorporated herein by reference.

32.     Plaintiff is a disabled person within the meaning of the ADA.

33.     Plaintiff suffers from fibromyalgia which substantially limits several of her major life activities, including walking, sitting, sleeping, her ability to care for herself, thinking and concentrating.

34.     Plaintiff is able to perform the essential job functions of lodge cook – the last position she held and performed successfully, as reflected by her last performance evaluation from Defendant, with or without reasonable accommodations.

35.     Defendant discriminated, and continues to discriminate, against Plaintiff because of her disability by not making reasonable accommodations to the known physical limitations of Plaintiff, an otherwise qualified individual with a disability, in violation of the ADA.

36.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

37.     The unlawful employment practices complained of above were and are intentional.

38.     The unlawful employment practices complained of above were and are done with malice or with reckless indifference to Plaintiff's federally protected rights.

## COUNT TWO
### (Age Discrimination in Violation of the Age
### Discrimination in Employment Act (ADEA) 29 USC 621)

39.    The foregoing paragraphs are realleged and incorporated herein by reference.

Plaintiff is over the age of 40 years old.

40.    The Defendant's conduct as alleged at length herein constitutes discrimination based on age in violation of ADEA.

## COUNT FOUR
### (Discrimination in Violation of the Arkansas Public Employer
### Age Discrimination Act A.C.A. 21-3-201 Et. Seq.)

41.    The foregoing paragraphs are realleged and incorporated herein by reference.

42.    The Defendant's conduct as alleged above constitutes discrimination and retaliation in violation of the Arkansas Public Employer Age Discrimination Act.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby requests that this Court award her:

(a) Reinstatement to her position, with all attendant back pay, benefits and other emoluments of employment;

(b) a reasonable sum in compensatory damages suffered because of the discrimination;

(c) costs and reasonable attorney's fees incurred with this lawsuit with interest thereon;

(d) punitive damages for Defendant's malicious or recklessly indifferent conduct; and for

(e) all other damages and further relief as deemed just.

## JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted,
Trudy Valentine

WALTERS, GASTON,
ALLISON & PARKER
1405 W. CENTER, 3RD FLOOR
GREENWOOD,  AR  72936
(479) 996-2100

BY: __/s/ Alex A Gustafson_____
      Alex A Gustafson
      Bar No.2017210
